IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 18-CR-150-JED |
| | ) | | |
| RICKIE DEAN COLE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**OPINION & ORDER**

The Court has for its consideration Defendant Rickie Dean Cole's Motion to Suppress (Doc. 19). Neither Defendant Cole nor the government requested an evidentiary hearing on the Motion, and the Court has determined that an evidentiary hearing is not required.[1]

**I.     Statement of Facts**

On January 30, 2018, Senior Agent Spencer Gilmore of the Oklahoma Bureau of Narcotics obtained a warrant from Creek County Associate District Judge Mark Ihrig to search 144 E. Liggett St., Slick, Oklahoma, for evidence of violations of state laws related to the unlawful possession and distribution of controlled dangerous substances. The warrant application contained an affidavit ("the Affidavit") from Agent Gilmore that included a description of the property to be searched and seized; a description of Agent Gilmore's training and experience; and an explanation of

---

[1] "The defendant bears the burden of showing there are material facts in dispute, and an evidentiary hearing is only required when the motion to suppress raises factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *United States v. Glass*, 128 F.3d 1398, 1408-09 (10th Cir. 1997) (internal quotation marks and alterations omitted).

1

common practices of users, distributors, and traffickers of methamphetamine. The affidavit also contained the following facts:

A. Between the dates of January 1st and January 30th 2018 three separate Narcotic transactions were conducted from Rickie Cole at Cole's residence located at 144 E Liggett St, Slick, OK 74010

B. On the first buy, your affiant utilized a Confidential Informant (CI) to purchase, methamphetamine from Rickie Cole at Cole's residence located at 144 E Liggett St, Slick, OK.

C. On the second buy, your affiant utilized a Confidential Informant (CI) to purchase, methamphetamine from Rickie Cole at Cole's residence located at 144 E Liggett St, Slick, OK. Your affiant accompanied the (CI) to Cole's residence, and observed Cole retrieve the methamphetamine from outside the residence, and bring it back inside the residence where the (CI) was waiting.

D. On the third buy, your Affiant utilized a Confidential Informant (CI) to purchase methamphetamine from Rickie Cole at Cole's residence located at 144 E Liggett St, Slick, OK. Your Affiant accompanied the (CI) to Cole's residence and observed the (CI) retrieve the methamphetamine from an area outside Cole's residence.

E. Rickie Cole is currently on federal probation for drug offenses. On January 30th 2018 your affiant spoke with Sharla Belluomo with the United States Probation Office. Belluomo indicated that she has made several home visits with Rickie Cole at his residence, and that Cole's listed address is 144 E Liggett St, Bristow, OK.

F. Your affiant has also reviewed water/utility records that show Rickie Cole to be the account holder for 144 E Liggett St, Bristow, OK.

(Doc. 19-1 at 6-7).

The search warrant was issued on January 30, 2018, and was executed on February 1, 2018. Law enforcement recovered two cellular telephones, a "pay/owe" sheet, an AT&T Customer letter, digital scales, a .32 caliber revolver, a 9mm Taurus semi-automatic pistol, a pump action shotgun, methamphetamine, marijuana, and marijuana seeds. On July 12, 2018, a grand jury returned an indictment (Doc. 2) charging Cole with one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). This charge carries a fifteen-year mandatory minimum sentence.

In his Motion to Suppress, Cole argues that the information in the Affidavit was insufficient to support a finding of probable cause to issue the search warrant and that the good-faith exception to the exclusionary rule does not apply. As a result, Cole contends that the Court should suppress any evidence obtained from the search. In its Response (Doc. 50), the government asserts that there was probable cause to support the search and that the good-faith exception would apply even in the absence of probable cause.

## II. Analysis

### A. Probable Cause

In determining whether to issue a search warrant, "the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The reviewing court, in turn, must ensure that the magistrate "had a substantial basis for concluding that probable cause existed." *United States v. Cooper*, 654 F.3d 1104, 1124 (10th Cir. 2011) (*quoting United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001)). "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Soderstrand*, 412 F.3d 1146, 1152 (10th Cir. 2005) (internal quotation omitted). Because searches conducted pursuant to a warrant are favored under the law, a magistrate judge's determination that probable cause supports a search is "entitled to great deference." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005).

The Supreme Court has described probable cause as "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully reduced to

a neat set of legal rules." *Illinois*, 462 U.S. at 232. Yet, a court must take care not to "arrive at probable cause simply by piling hunch upon hunch." *United States v. Valenzuela*, 365 F.3d 892, 897 (10th Cir. 2004).

To the extent an application for a warrant relies on statements of an information, the court must "pay close attention to the veracity, reliability, and basis of knowledge of the informant about the target of the proposed search." *United States v. Pulliam*, 748 F.3d 967, 971 (10th Cir. 2014). In his Motion, Defendant Cole argues that the Affidavit contained inadequate information about the credibility of the confidential informant (CI) used in this case. Cole points out that the Affidavit does not indicate, for example, whether the CI had previously provided tips that proved to be accurate, whether the CI could recognize Cole, and whether the same CI was used in each of the three transactions.

As stated in *United States v. Danhauer*, "when there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." 229 F.3d 1002, 1006 (10th Cir. 2000). In this case, the warrant application did not principally rely on information gathered by the CI. Instead, according to the Affidavit, Agent Gilmore himself witnessed two of the three transactions that took place with Cole at 144 E. Liggett St. In other words, Agent Gilmore independently corroborated the CI's information concerning the first transaction by personally witnessing two similar transactions on the same property with the same target (Defendant Cole). Given this independent corroboration, the Court concludes that the Affidavit could support probable cause without providing detailed information concerning the veracity and reliability of the CI utilized by Agent Gilmore.

Defendant Cole also points out that the Affidavit offered no specific dates, time, or drug quantities for the three transactions. The Court first observes that the Affidavit describes the three

transactions as occurring between January 1 and January 30, 2018. (Doc. 19-1 at 6). Since the warrant was issued on January 30, 2018, the Court is not concerned about staleness. *See United States v. Mathis*, 357 F.3d 1200, 1207 (10th Cir. 2004) ("[P]robable cause to search cannot be based on stale information that no longer suggests that the items sought will be found in the place to be searched."). Beyond that, the Court is not persuaded that the lack of these particular details is fatal to a finding of probable cause.

Defendant Cole further argues that the Affidavit was deficient because Agent Gilmore did not describe any laboratory results or field tests to show that the substances obtained during the transactions were, in fact, methamphetamine. Yet, the Affidavit did state that Cole was on federal probation for drug offenses (Doc. 19-1 at 6), and it described Agent Gilmore's extensive experience in narcotics investigations, including conducting over fifty hand-to-hand narcotics transactions (*id.* at 4). Moreover, the clear implication from the Affidavit is that Agent Gilmore himself set up the three transactions as methamphetamine buys. While laboratory results or field tests certainly would have made the Affidavit stronger, the Court finds that probable cause could exist without this information.

Lastly, Defendant Cole points out that there was no statement in the Affidavit that the CI was searched prior to the transactions. However, the Affidavit does state that Agent Gilmore "observed Cole retrieve the methamphetamine from outside the residence," (Doc. 19-1 at 6), which tends to counter any suspicion that the CI brought the methamphetamine to the drug buys. The Court also considers that the applicable standard is whether the magistrate had a substantial basis for concluding that probable cause existed; the Affidavit did not need to prove beyond a reasonable doubt that Defendant Cole engaged in drug transactions on these three occasions.

In consideration of the totality of the circumstances, the Court finds that probable cause existed to support the issuance of a search warrant. According to the Affidavit, a seasoned narcotics investigator saw Cole, a convicted drug offender, retrieve methamphetamine to sell to the investigator's CI on two occasions after Cole had previously sold methamphetamine to the CI on the same property. Together, these facts established the fair probability that contraband or evidence of a crime would be found at 144 E. Liggett St., Slick, Oklahoma.

B.     **Good-Faith Exception**

Even were the Court to assume probable cause did not exist to support the search, the good-faith exception to the exclusionary rule would apply here. In *United States v. Leon*, the Supreme Court held that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." 468 U.S. 897, 918 (1984). The exclusionary rule is meant to "deter police misconduct rather than to punish the errors of judges and magistrates." *Id*. at 916.

The Supreme Court has recognized four situations in which suppression remains an appropriate remedy despite the issuance of a warrant: (1) where the issuing magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) "where the issuing magistrate wholly abandoned his judicial role," (3) where the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and (4) where a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id*. at 923 (internal citations omitted). When a court considers whether an officer relied in good faith upon a warrant, the court "must look to the underlying documents to see whether they are *devoid* of factual support, not

merely whether the facts they contain are legally sufficient." *United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985). "An affidavit devoid of factual support is 'one that merely states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Chambers*, 882 F.3d 1305, 1311 (10th Cir. 2018) (quoting *United States v. Roach*, 582 F.3d 1192, 1204-05 (10th Cir. 2009)).

As discussed above, the Affidavit in this case set out specific facts concerning three coordinated drug buys—two of which were observed by the affiant himself—that involved Defendant Cole selling the affiant's CI methamphetamine at a particular location. Even assuming the Affidavit was not legally sufficient to support probable cause, the Court cannot say that the Affidavit was so "bare bones" as to be devoid of factual support.

### III. Conclusion

For the foregoing reasons, Defendant Cole's Motion to Suppress (Doc. 19) is hereby **denied**.

**SO ORDERED** on this 5th day of April, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT