IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.	Case No. 18-CR-150-JED

RICKIE DEAN COLE,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Rickie Cole's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 82.) For the reasons set forth herein, Cole's petition is DISMISSED FOR LACK OF JURISDICTION IN PART and TAKEN UNDER ADVISEMENT IN PART. Cole's motion for appointment of counsel is DENIED, without prejudice.

**I.    Background**

On April 10, 2019, Cole was charged pursuant to a superseding indictment with seven counts, including violations of 18 U.S.C § 922(g)(1) (Count 1), felon in possession of firearms and ammunition, and 18 U.S.C. § 924(c) (Count 4), possession of a firearm in furtherance of drug trafficking crimes. (Doc. 63.) Count 1 of the superseding indictment identified Cole's prior felony convictions. (*Id.* at 1-2.) On April 24, 2019, Cole entered a guilty plea as to Count 4 of the superseding indictment. (Doc. 72.) On July 24, 2019, Chief Judge John Dowdell sentenced Cole to sixty months imprisonment. (Doc. 80 at 2.) The remaining counts in the superseding indictment, including the charge under § 922(g)(1), were dismissed. (*Id.* at 1.)

Cole did not file a direct appeal. On May 1, 2020, Cole filed this petition, which he styled as a petition under 28 U.S.C. § 2241. (Doc. 82.) Cole asks this court to vacate his conviction in

1

light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Cole claims that in light of *Rehaif* he is actually innocent of his crime. (Doc. 82 at 1.) Cole also seeks appointment of counsel to assist him in his claim. (*Id.* at 2.) On April 29, 2022, the motion was referred to the undersigned. (Doc. 84.)

II.   Analysis

   A.   28 U.S.C. § 2241

   Cole's motion seeks relief pursuant to 28 U.S.C. § 2241. A petition brought under 28 U.S.C. § 2241 typically "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). Cole is currently confined in Texas. Therefore, the court lacks jurisdiction to consider the motion under § 2241. *United States v. Dotson*, 430 F. App'x 679, 684 (10th Cir. 2011). This jurisdictional defect may be cured by a transfer to the appropriate jurisdiction under the federal transfer statute, 28 U.S.C. § 1631, if the court finds that a transfer is in the interest of justice. *Id.* Before transferring the motion, however, the court is authorized to review the claim on the merits to avoid a waste of judicial resources by transferring an action that is "clearly doomed." *Id.* Here, the court declines to transfer the motion because Cole has not alleged that he exhausted his administrative remedies, which is a prerequisite for § 2241 relief, and because his claim must be pursued in a § 2255 motion. *Id.*; *see also Dembry v. Hudson*, 796 F. App'x 972, 974 (10th Cir. 2019).

   B.   28 U.S.C. § 2255

   A prisoner challenging the validity of his conviction or sentence may seek and be awarded relief "only under the pathways prescribed by § 2255." *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011). The one exception to this rule allows a prisoner relief under § 2241 "only if the

§ 2255 remedial mechanism is 'inadequate or ineffective to test the legality of [the prisoner's] detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)). Cole has the burden to establish his right to relief under § 2241 and he has not done so. *Dembry*, 796 F. App'x at 974 ("prisoner must establish that the opportunity to pursue claims under § 2255 is 'genuinely absent' to seek redress under § 2241.") Cole is asking this court to vacate his conviction due to the Supreme Court's holding in *Rehaif*. In reviewing similar arguments, the Tenth Circuit has held that that such arguments must be pursued in a § 2255 motion. *Id.* at 975. Although Cole cites to § 2255 in his motion, it is not clear that he intends to proceed under that statute.[1] (Doc. 82 at 1.) Rather, his motion clearly seeks relief under § 2241. A review of the record shows that Cole has not yet sought relief under § 2255.

If a pro se federal prisoner has not previously filed a § 255 petition, the court should not recharacterize Cole's filing as a § 2255 petition unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003); *see also United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000) (district court should not sua sponte recharacterize document as initial § 2255 motion because a "subsequent § 2255 motion would be considered successive" and barred except "in very limited circumstances").

Based on the arguments presented in the motion, the court intends to construe Cole's motion as a § 2255 petition. If the court construes the motion as a § 2255 motion, any subsequent § 2255 motions will be subject to restrictions on second or successive motions. In particular, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of

---

[1] In docketing the instant petition, the court identified the petition as one brought under § 2255. (Dos. 82, 83.) It does not appear, however, that Cole received notification that his motion was recharacterized under § 2255.

appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).  A second or successive motion under § 2255 may be filed in the district court only after the court of appeals certifies that the motion is based on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

On or before June 10, 2022, Cole shall file a memorandum that states whether he (1) agrees to have his Petition seeking relief under *Rehaif* (Doc. 82) construed as a motion under 28 U.S.C. § 2255 or (2) chooses to withdraw it.  If Cole does not file a response by June 10, 2022, the court will consider his motion (to the extent that it was not previously dismissed) as having been withdrawn.  If Cole directs the court to have his motion construed as a § 2255 motion and desires to raise any other claims in his initial motion without the potential bar that applies to second or successive motions, Cole must file an amended § 2255 motion by June 17, 2022.

      **C.**      **Motion to Appoint Counsel**

Cole also seeks counsel to assist him with his motion.  Cole has no constitutional or statutory right to appointment of counsel in the prosecution of a post-conviction motion unless an evidentiary hearing is warranted.  Rule 8(c) of the Rules Governing Section 2255 Proceedings; *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006).  Upon consideration of the appropriate factors, the court finds that Cole is capable of presenting his claim and other circumstances do not warrant the appointment of counsel.  *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (discussing factors to be considered).  Cole's motion for the appointment of counsel is denied, without prejudice.

## II.   Conclusion

Cole's petition (Doc. 82) is DISMISSED FOR LACK OF JURISDICTION IN PART and TAKEN UNDER ADVISEMENT IN PART.  Cole's motion for appointment of counsel is DENIED, without prejudice.

To the extent that Cole seeks relief under § 2241, the petition is dismissed for lack of jurisdiction.  To the extent Cole challenges the propriety of his conviction, the court notifies him that it intends to recharacterize his petition as an initial § 2255 petition.

On or before June 10, 2022, Cole shall file a memorandum that states whether he (1) agrees to have his Petition seeking relief under *Rehaif* (Doc. 82) construed as a motion under 28 U.S.C. § 2255 or (2) chooses to withdraw it.  If Cole does not file a response by June 10, 2022, the court will consider his Petition (to the extent that it was not previously dismissed) as having been withdrawn.  If Cole directs the court to have his Petition construed as a § 2255 motion and desires to raise any other claims in his initial motion without the potential bar that applies to second or successive motions, he must file an amended § 2255 motion by June 17, 2022.

IT IS SO ORDERED.  Dated this 19th day of May, 2022.

                                                __ s/ John Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE